IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JS MANAGEMENT, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-97-RAH-KFP |
| ) | (WO) |
| AMWINS BROKERAGE OF ) | |
| ALABAMA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of Defendant AXIS Surplus Insurance Company's (AXIS) refusal to pay a fire loss claim. (Doc. 1-1.)

On February 2, 2021, AXIS removed this action to federal court based on diversity jurisdiction, claiming fraudulent joinder of Alabama resident defendants, AmWINS Access Insurance Services, LLC (AmWINS) and Ashley Rollins (Rollins). (Doc. 1, p. 3.) Consistent with that position, AmWINS and Rollins have moved to dismiss the Complaint against them. (Doc. 6.) But the Plaintiffs dispute any assertions of fraudulent joinder, and on February 27, 2021, accordingly filed a Motion to Remand. (Doc. 15.)

The Motion to Dismiss and Motion to Remand are now before the Court and ripe for resolution. For the following reasons, the Court finds that the Motion to Remand is due to be DENIED, and the Motion to Dismiss GRANTED.

1

I.   **BACKGROUND**

On January 7, 2020, AXIS issued a property and casualty insurance policy to JS Management, LLC (JSM), a property rental company owned by Jessie and Sonja Sanders. (Doc. 1-1, p. 2.) The policy was sold by Rollins, an insurance agent based in Birmingham, Alabama and employed by AmWINS, an Alabama insurance brokerage firm. (*Id.*)

On or about August 9, 2020, one of the properties insured under the AXIS insurance policy was destroyed in a fire. (*Id.*) Mark J. Pierce (Pierce), a claims adjuster, interviewed the Sanders about the fire loss. (*Id.*) According to the Sanders, after the initial interview, Pierce "continued to attempt to contact" them even after having received a phone call and representation letter from an attorney for the Plaintiffs. (*Id.*, p. 3.)

Ultimately, Pierce determined that the Sanders were responsible for the fire and that the Sanders had committed arson and insurance fraud. (*Id.*) As a result, on October 14, 2020, Pierce, on behalf of AXIS, issued a reservation of rights letter denying coverage for the fire. (Doc. 20-1.)

On December 28, 2020, JMS and the Sanders (collectively, the Plaintiffs) filed suit in the Circuit Court of Lee County, Alabama against AmWINS, Rollins, AXIS, and Pierce for breach of contract, bad faith, slander, and harassment. (Doc. 1-1, pp. 3-5.) In relevant part, the Plaintiffs allege that Rollins placed and bound

coverage for the Plaintiffs with AXIS and issued an insurance policy to the Plaintiffs that contained a promise to pay for losses caused by a fire. (Doc. 1-1, pp. 2-3.)

## II. LEGAL STANDARDS

### A. Jurisdiction – Motion to Remand

A defendant may remove a case to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 sets forth the parameters of one form of original jurisdiction – diversity jurisdiction – and provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000" and is between citizens of different states. 28 U.S.C. § 1332(a). There must be "complete diversity of citizenship," meaning there must be complete diversity between all named plaintiffs and all named defendants, and no defendant may be a citizen of the forum state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

However, even if complete diversity is lacking on the face of the pleadings, a defendant may remove an action "if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id*. When a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter

3

back to state court based on that doctrine. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id*. The court must evaluate all factual allegations and controlling law in the light most favorable to plaintiff. *Id*.

"The burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). The court must evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *Crowe*, 113 F.3d at 1538. These determinations should be "based on the plaintiff's pleadings at the time of removal" but courts may also "consider affidavits and deposition transcripts submitted by the parties." *Id*. "If there is even a possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant [ ], the federal court must find that the joinder was proper and remand the case to state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011); *see also Pacheco de Perez*, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). In other words, "[t]he plaintiff need not

4

have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Stillwell*, 663 F.3d at 1333 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

### B. Standard of Review – Motion to Dismiss

When a motion to dismiss is filed under Fed. R. Civ. P. 12(b)(6), a court must accept the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must construe the operative complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of the pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The factual

5

allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## III. DISCUSSION

Here, complete diversity between the Plaintiffs and the Defendants is lacking due to the presence of AmWINS and Rollins as defendants. To overcome the absence of diversity, AXIS contends in its notice of removal that AmWINS and Rollins have been improperly and fraudulently joined. AXIS does not suggest that there has been fraud in the Plaintiffs' pleading of jurisdictional facts, and therefore the court will address only the first type of fraudulent joinder; that is, whether there is any possibility the Plaintiffs can establish a cause of action against AmWINS and Rollins. Again, the Plaintiffs need not have a winning case against the allegedly fraudulently joined defendants. Instead, they need only have a "*possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287.

A review of the Complaint reveals that the Plaintiffs have not asserted facts that state a possible cause of action against AmWINS and Rollins. The only pertinent claims the Plaintiffs bring against AmWINS and Rollins are those for breach of contract and bad faith. Key here is that only the Plaintiffs and AXIS are parties to the AXIS insurance policy. AmWINS and Rollins are not parties to the policy.

It is axiomatic in Alabama that an insurance agent or broker is not a proper

defendant for a claim of breach of contract arising out of a claim decision, which is the crux of the Plaintiffs' case here. *See Pate v. Rollison Logging Equip.*, 628 So. 2d 337, 343 (Ala. 1993) ("Even if considered a broker or an agent, Rollison was not a party to the insurance contracts and, therefore, could not be liable for breach of those contracts."); *Ligon Furniture Co. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (finding nonparties to plaintiff's insurance contract with insurer, including insurance agent and claims adjusting company, could not be liable for breach of contract); *Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1324 (M.D. Ala. 2003) (citing *Ligon*); *Bridges v. Principal Life Ins. Co.*, 141 F.Supp.2d 1337, 1340 n.3 (M.D. Ala. 2001) (noting that claims of negligent supervision or breach of contract must necessarily be brought against the insurer not against the insurer's agent); *Holderfield v. Allstate Ins. Co.*, Case No. 4:13-CV-074-RBP, 2014 WL 1600309, at *2 (N.D. Ala. Apr. 21, 2014) (citing *Pate*, 628 So. 2d at 343) ("Because Barkley was not a party to the contract, she cannot be liable for breach of contract."). As such, there is no possibility of stating a valid cause of action against AmWINS and Rollins for breach of contract.

In addition, because any potential bad faith claim stems from a breach of the underlying insurance policy, the Plaintiffs also cannot subject non-contractual-parties, such as AmWINS and Rollins, to a bad faith claim. *See Walsh v. Chubb*, Case No. 4:20-CV-00510-HNJ, 2020 WL 8175594, at *11 (N.D. Ala. Oct. 21, 2020)

7

(citing *Holderfield*, 2014 WL 1600309, at *2) ("Because the plaintiffs cannot maintain an action for breach of contract against Barkley, they cannot maintain an action for bad faith."); *Sparks v. Allstate Indem. Co.*, Case No. CV 07-J-2233-J, 2007 WL 9711945, at *2 (N.D. Ala. Dec. 20, 2007) ("Under Alabama law, a claim for 'bad faith' is a cognizable cause of action only in the context of a breach of an insurance contract and may be brought only by a party to that contract...."). Therefore, also, there is no possibility of stating a valid cause of action against AmWINS and Rollins for bad faith.

The Plaintiffs argue that AmWIN and Rollins, "as originators of the policy, bear, at a minimum, part of the responsibility in issuing coverage that would cover the loss at issue, [and] therefore they cannot be considered to be fraudulently joined in this litigation where Plaintiffs claim that they purchased a policy sufficient to cover their risks, of which coverage is now being disputed under policy language." (Doc. 24, p. 4.)  While relevant to a claim for negligent procurement, which has not been pled in this case, this allegation still would not make AmWINS and Rollins parties to the insurance policy which is the foundational prerequisite for claims of breach of contract and bad faith.

Simply put, the Plaintiffs have failed to state a viable claim[1], or even a

---

[1] Further, as it concerns the claims for slander and harassment, these two claims appear to be directed against Defendant Pierce.  No factual allegations are presented that implicate AmWINS

possibly viable claim, under Alabama law against AmWINS and Rollins, and therefore these two defendants are due to be dismissed as parties to this case. Further, by extension, AXIS has sufficiently shown that these two defendants have been fraudulently joined.

## IV.  CONCLUSION

Because AmWINS and Rollins have been fraudulently joined as defendants, the Plaintiffs' Motion to Remand (Doc. 15) is due to be and is hereby DENIED. Further, because the Plaintiffs have failed to state a claim against AmWINS and Rollins upon which relief can be granted, their Motion to Dismiss (Doc. 6) is due to be and is hereby GRANTED.  The Plaintiffs' claims against Pierce and AXIS will proceed.

DONE, on this the 19th day of April, 2021.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

and Rollins in these claims.  Although the Plaintiffs broadly seek a judgment against all Defendants for Pierce's actions, the factual allegations in Counts III and IV are far too vague and wholly lacking to support any cause of action whatsoever against AmWINS and Rollins.